IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
AUG 12 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.     Criminal No. 3:08CR283

MIRACLE SHARI SMITH

**MEMORANDUM OPINION**

Miracle Shari Smith, a federal inmate proceeding <u>pro</u> <u>se</u>, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 90). The Government has responded, asserting, <u>inter</u> <u>alia</u>, that Smith's § 2255 Motion is barred by the statute of limitations. (ECF No. 95.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

On June 18, 2008, a Criminal Complaint was filed, charging Smith with one count of brandishing a firearm in relation to a crime of violence. (Criminal Compl., ECF No. 1.) On July 22, 2008, a grand jury charged Smith with one count of conspiracy to interfere with commerce by robbery; three counts of interference with commerce by robbery; three counts of using, carrying, and brandishing a firearm during/in relation to a crime of violence; and two counts of possession of an unregistered firearm/sawed-off shotgun. (Superseding Indictment 1-6, ECF No. 22.) Smith

pled guilty to Count One, charging her with conspiracy to interfere with commerce by robbery, and Count Seven, charging her with using, carrying, and brandishing a firearm during/in relation to a crime of violence. (Plea Agreement ¶ 1, ECF No. 35) The parties agreed that the appropriate sentence was "420 months' incarceration, composed of a sentence of 240 months' incarceration on Count One and a sentence of 180 months on Count Seven." (Id.) On November 25, 2008, the Court entered judgment against Smith and sentenced her to the agreed-upon sentence. (J. 2, ECF No. 54.)

On December 4, 2012, Smith executed the present § 2255 Motion and presumably placed it in the prison mail system for mailing to this Court. (§ 2255 Mot. 7.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In her § 2255 Motion, Smith asserts that she is entitled to relief because she did not understand the consequences of her plea because of a "documented learning disability . . . that impedes [her] ability to read and comprehend what [she is] reading." (§ 2255 Mot. 5.)[1] Smith has

---

[1] On March 15, 2013, the Court received from Smith an unsigned document consisting of various handwritten submissions, an earlier draft of her Plea Agreement, this Court's February 25, 2013, Order directing the Government to respond to her § 2255 Motion, and her Judgment and Commitment Order. (ECF No. 92.) Smith appears to assert that: (1) she was found guilty in her Plea Agreement of Counts One and Five, but her Judgment and

also filed a motion for relief pursuant to <u>Alleyne v. United States</u>, 133 S. Ct. 2132 (2013). (ECF No. 93.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could

---

Commitment Order lists Counts One and Seven; (2) counsel did not inform her that her Sentencing Guidelines range was only 125-135 months of incarceration; (3) she has been denied a motion for a downward departure; and, (4) counsel rendered ineffective assistance. (<u>Id.</u> at 1, 11, 13, 18 (as paginated by CM/ECF).)

>have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Smith did not appeal, under 28 U.S.C. § 2255(f)(1), her conviction became final on Wednesday, December 10, 2008, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Therefore, Smith had until Thursday, December 10, 2009 to file any motion under 28 U.S.C. § 2255. Because Smith did not file her § 2255 Motion until December of 2012, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Smith has filed a motion seeking relief (ECF No. 93) pursuant to Alleyne v. United States, 133 S. Ct. 2132 (2013), in which the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. at 2155. Although Alleyne did announce a new constitutional rule of criminal procedure, the case is not retroactive on collateral review. See Crayton v. United States, No. 13-3548, --- F.3d ----, 2015 WL 3895767, at *1-2 (7th Cir.

4

June 25, 2015) (citations omitted); Williams v. United States, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). Therefore, because Alleyne is not retroactive, Smith's § 2255 motion cannot be timely under 28 U.S.C. § 2255(f)(3), and she is not entitled to relief pursuant to Alleyne. Thus, Smith has failed to demonstrate any basis for excusing her failure to comply with the statute of limitations.[2]

### III. CONCLUSION

For the foregoing reasons, Smith's § 2255 Motion (ECF No. 90) will be denied. Smith's motion for relief pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013), (ECF No. 93) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Smith and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 10, 2015
Richmond, Virginia

---

[2] Neither Smith nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling.