IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal Action No. 3:08CR283
    Civil Action No. 3:17-cv-403

MIRACLE SMITH

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on August 12, 2015, the Court denied a 28 U.S.C. § 2255 motion filed by Miracle Smith. (ECF Nos. 100, 101.) On May 4, 2017, the Court received a MOTION PURSUANT TO 18 USC 3742 (a), PETITIONER HAS BEEN SENTENCED IN VIOLATION OF THE LAW- PURSUANT TO U.S.S.G. AND PRECEDENT LAW ("18 USC 3742 Motion," ECF No. 121). The 18 USC 3742 Motion is an unauthorized, successive 28 U.S.C. § 2255 Motion and will be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "'motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence].'" United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Smith's 18 USC 3742 contends that her current sentence is illegal and unconstitutional, it falls within the ambit of 28

2

U.S.C. § 2255(a). Accordingly, the 18 USC 3742 Motion (ECF No. 121) is properly construed as a successive 28 U.S.C. § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain Smith's successive § 2255 motion, the 18 USC 3742 Motion (ECF No. 121) will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ *R E P*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 26, 2017

3