IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                        Criminal No. 3:08CR283

MIRACLE SMITH

**MEMORANDUM OPINION**

Miracle Smith, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 170) arguing that her firearm conviction is invalid under Johnson v. United States, 576 U.S. 591 (2015). For the reasons set out below, and as conceded by the Government, Smith is entitled to relief.[1]

I. PROCEDURAL HISTORY

As pertinent here, on July 22, 2008, Smith was charged in a Superseding Indictment with: conspiracy to obstruct, delay, and affect commerce by robbery ("conspiracy to commit Hobbs Act robbery") (Count One); the Hobbs Act robbery of Check Into Cash, Inc., in Richmond, Virginia (Count Four); using, carrying, and brandishing a firearm during and in relation to a crime of violence to wit, the conspiracy to commit Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Four (Count Five); the Hobbs Act robbery of the Advance America, Cash Advance Centers

---

[1] By Memorandum Opinion and Order entered on December 20, 2020, the Court granted relief to Smith's codefendant, Samuel Smith, on a nearly identical claim. (ECF Nos. 153, 154.)

on Hull Street in Richmond, Virginia (Count Six); using, carrying, and brandishing a firearm in furtherance of a crime of violence, and aiding and abetting that offense, to wit, the conspiracy to commit Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Six (Count Seven); the Hobbs Act robbery of Advance America Cash Advance Centers on Laburnum Avenue, in Richmond, Virginia (Count Eight); using, carrying, and brandishing a firearm in furtherance of a crime of violence, and aiding and abetting that offense, to wit, the conspiracy to commit Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Eight (Count Nine); and two counts of possession of an unregistered firearm/sawed-off shotgun (Counts Ten and Eleven). (ECF No. 22, at 1-6.)

On September 3, 2008, pursuant to a Plea Agreement, Smith pled guilty to Counts One and Seven. (ECF No. 35, at 1-2.) The Plea Agreement specified the predicate crime of violence for the firearm charge in Count Seven as the conspiracy to commit Hobbs Act robbery charged in Count One. Specifically, the relevant portion of the Plea Agreement provided:

> The defendant agrees to plead guilty to Counts One and Seven of the pending Superseding Indictment.
>
> . . . .
>
> b. Count Seven charges that the defendant, in furtherance of a crime of violence for which she may be prosecuted in a court of the United States, to wit: conspiracy to interfere with commerce by threats and

2

> violence, did knowingly and unlawfully possess and brandish, and did aid, abet, counsel, command, induce, and cause to be possessed and brandished, firearms in violation of Title 18, United States Code, Section 924(c). . . .

(Id. at 1.) Critically, the Plea Agreement omitted the Hobbs Act robbery charged in Count Six as a predicate crime of violence for Count Seven.

On November 25, 2018, the Court entered judgment and sentenced Smith to 240 months on Count One and 180 months on Count Seven, to be served consecutively. (ECF No. 54, at 2.)

Thereafter, the Court denied multiple 28 U.S.C. § 2255 motions filed by Smith. (ECF Nos. 100, 101, 112, 113, 122, 123, 141, 142, 149, 150.)

On June 23, 2020, Smith filed a protective Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255 ("Protective § 2255 Motion," ECF No. 164), while she sought authorization from the United States Court of Appeals for the Fourth Circuit to file a successive 28 U.S.C. § 2255 motion. On March 5, 2021, the United States Court of Appeals for the Fourth Circuit granted Smith authorization to file a successive § 2255 Motion. (ECF No. 167.) By Memorandum Order entered on March 31, 2021, the Court appointed the Federal Public Defender to represent Smith and directed the Government to file its response within sixty (60) days of the date of entry thereof. (ECF No. 169.)

3

The Government failed to file it response in a timely manner. On July 9, 2021, the Government filed a Motion for Leave to File Out of Time (ECF No. 172) accompanied by the Response of the United States to Defendant's Motion to Vacate Conviction and Correct Sentence, wherein it concedes that Smith is entitled to relief, (ECF No. 172-2).

## II. ANALYSIS

In Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." Id. at 606.[2] The Johnson Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

that presents a serious potential risk of physical injury to another," which defied clear definition. Id. at 596-97 (citation omitted). Subsequently, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 1268.

In her § 2255 Motion, Smith asserts that, after Johnson, conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, her conviction for Count Seven must be vacated. As explained below, recent decisions from the Supreme Court and the Fourth Circuit support Smith's challenge to Count Seven wherein her firearm conviction was predicated upon conspiracy to commit Hobbs Act robbery.

### A. Conspiracy To Commit Hobbs Act Robbery Cannot Serve As A Valid Predicate Crime Of Violence For The § 924(c) Charge In Count Seven

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten

5

years. Id. § 924(c)(1)(A)(iii).

At the time of Smith's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

Id. § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Additionally, conspiracy to commit Hobbs act robbery fails to constitute a crime of violence under the Force Clause. See United States v. Simms, 914 F.3d 229 (4th Cir. 2019). In the wake Davis and Simms, in other cases before this Court, the Government has conceded that "conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for [a] § 924(c) charge" and agreed to vacating the conviction and sentence. United States v. Oliver, No. 3:11CR63-HEH, 2019 WL 3453204, at *3 (E.D. Va. July 30, 2019). Accordingly, Smith's conviction and sentence on Count Seven will be vacated.

B.  **The Appropriate Remedy**

The United States Court of Appeals for the Fourth Circuit has explained that,

> the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (footnote omitted) (citing 28 U.S.C. § 2255(b)). "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." Id. at 665 (citations omitted) (internal quotation marks omitted). Here, as the parties agree, that goal is met simply by entering a new judgment reflecting the vacatur of Smith's conviction and sentence on Count Seven. Smith already was sentenced to the statutory maximum sentence for Count One. Accordingly, contemporaneous with the issuance of this Memorandum Opinion and Order the Court will enter a corrected judgment reflecting only Smith's conviction and sentence on Count One.

### III.  CONCLUSION

Smith's § 2255 Motion (ECF No. 170) will be granted. Smith's MOTION FOR COURT TO GRANT MOTION TO VACATE CONVICTION AND CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 171) will be granted.

7

The Government's Motion for Leave to File Out of Time (ECF No. 172) will be granted. Smith's conviction and sentence on Count Seven will be vacated. The Clerk will be directed to enter a corrected judgment reflecting only Smith's conviction and sentence on Count One. Smith's Protective § 2255 Motion (ECF No. 164) will be denied as moot.

The Clerk is directed to send a copy of Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ ReP
Robert E. Payne
Senior United States District Judge

Date: July 27, 2021
Richmond, Virginia